**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JANE DOE, *as Next Friend of Mary Doe*, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:22-cv-00461-MTS |
| WENTZVILLE R-IV SCHOOL DISTRICT, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Protective Order.  Doc. [156].

Plaintiffs failed to comply with Local Rule 4.01(A) in making their Motion.  That Rule provides

that a "moving party must file with each motion a memorandum in support of the motion,

including any relevant argument and citations to any authorities on which the party relies."  E.D.

Mo. L.R. 4.01(A).  This instance was not Plaintiffs' first time disregarding the Rule.  *See* Docs.

[109], [111].   Here, though, Plaintiffs' shortcoming was not a mere technical violation.

Plaintiffs' solitary filing altogether failed to provide any support for their Motion.   Indeed,

Plaintiffs failed to cite even a single case in their filing.  They requested the Court take the

extraordinary step of prohibiting Defendants from deposing Plaintiff Mary Doe, yet they could

not find—or chose not to look for—any case that supported their request.  *See Apple Inc. v.*

*Samsung Elecs. Co.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) ("[I]t is very unusual for a court to

prohibit the taking of a deposition altogether absent extraordinary circumstances." (internal

quotations omitted)); 26B Corpus Juris Secundum Depositions § 6 ("A strong showing of good

cause is required before a party will be denied entirely the right to take a deposition.").

- 2 -

Defendants Wentzville R-IV School District, Erin Abbott, Betsy Bates, Dan Brice, Curtis Cain, Jason Goodson, and Shannon Stolle opposed the Motion. Doc. [172]. In doing so, they provided the Court with law and analysis. Plaintiffs declined to file a Reply to these Defendants' opposition. *See* E.D. Mo. L.R. 4.01(C). "[O]ur adversarial system of adjudication" follows "the principle of party presentation," which relies on "the parties to frame the issues for decision and assign[s] to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020). "It is not the court's responsibility to research the law and construct the parties' arguments for them." *Econ. Folding Box Corp. v. Anchor Frozen Foods Corp.*, 515 F.3d 718, 721 (7th Cir. 2008)). The Court declines to do so for Plaintiffs here, especially for such an extraordinary request.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Protective Order, Doc. [156], is **DENIED**.

Dated this 30th day of January 2024.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE